United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 6, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 03-40567
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

ROBERTO CARLOS RAMOS,

Defendant-
Appellant.

-------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1698-ALL
-------------------------------------------------------------

Before SMITH, DeMOSS AND STEWART, Circuit Judges.

PER CURIAM:[*]

        Roberto Carlos Ramos appeals the sentence he received after he pleaded guilty to possession

with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Ramos argues

that the district court committed plain error in sentencing him when it used the gross weight of

cocaine, which included its packaging. Because Ramos's fact-based argument that the Presentence

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Report (PSR) incorrectly calculated the quantity of cocaine involved in his offense could have been resolved by the district court if he had properly raised the issue in the district court, Ramos has not shown plain error. See Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995). T h e district court was entitled to make its drug quantity calculation without further inquiry because Ramos did not present any evidence to refute the information in the PSR or his admission in his factual basis that he possessed 2.04 kilograms of cocaine. See United States v. Puig-Infante, 19 F.3d 929, 943 (5th Cir. 1994).

Ramos also contends, for the first time on appeal, that 21 U.S.C. § 841 was rendered unconstitutional by Apprendi v. New Jersey, 530 U.S. 466 (2000), because drug types and quantities should be treated as elements of the offense of possession with intent to distribute. Ramos concedes that his argument runs counter to this court's caselaw; he raises the issue to preserve it for Supreme Court review. Apprendi did not render 21 U.S.C. § 841 facially unconstitutional, and Ramos has not shown error, plain or otherwise. See United States v. Vasquez, 298 F.3d 354, 356, 360 (5th Cir.), cert. denied, 123 S. Ct. 546 (2002).

AFFIRMED.