**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jesus Alberto HERNANDEZ–GONZALEZ, Defendant–Appellant.**

**No. 04–40923.**

United States Court of Appeals, Fifth Circuit.

March 30, 2005.

---

1. *See* Hearing Transcripts, No. 99–CV–1198 (October 11, 2001).

Jeffery Alan Babcock, James Lee Turner, Asst. U.S. Atty., Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Hector Anthony Casas, Timothy William Crooks, Asst. Federal Public Defender, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and HIGGINBOTHAM and PRADO, Circuit Judges.

PER CURIAM:

Defendant–Appellant Jesus Hernandez–Gonzalez has filed a petition for rehearing, in which he argues for the first time that the district court erred by sentencing him pursuant to the mandatory sentencing guideline regime in place before the Supreme Court's decision in *United States v. Booker*, — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

█ Absent extraordinary circumstances, this court will not consider issues raised for the first time in a petition for rehearing. *United States v. Sutherland,*

428 F.2d 1152, 1158 (5th Cir.1970) (per curiam) (stating that the case did not present "extraordinary circumstances which would justify our considering on petition for rehearing[ ] issues which were not previously presented"); *see also United States v. Estrada–Trochez,* 66 F.3d 733 (5th Cir. 1995) (considering appellant's argument waived when he raised it for the first time in a petition for rehearing); *United States v. Levy,* 379 F.3d 1241, 1242 (11th Cir. 2004) (per curiam) (refusing to "consider issues raised for the first time in a petition for rehearing" despite an intervening Supreme Court decision); *cf. United States v. Ardley,* 273 F.3d 991 (11th Cir.2001) (en banc) (holding that even a remand by the Supreme Court for reconsideration in light of an intervening Court opinion does not require the court to consider an argument raised for the first time in a petition for certiorari).

Had Hernandez–Gonzalez challenged the district court's use of a mandatory, rather than advisory, sentencing regime before the decision issued on his direct appeal, we would have reviewed it for plain error. *United States v. Mares,* 402 F.3d 511, 520, No. 03–21035, 2005 WL 503715, at *8 (5th Cir. Mar.4, 2005). Under the plain-error test, a federal appellate court may correct a forfeited error only if there is "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Cotton,* 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002); *Mares,* 402 F.3d at 520, 2005 WL 503715, at *8. "If all three conditions are met an appellate court may then exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Cotton,* 535 U.S. at 631, 122 S.Ct. 1781; *Mares,* 402 F.3d at 520, 2005 WL 503715, at *8. Here, the first and second prongs of the plain-error test are satisfied. *See United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 769, 160 L.Ed.2d 621 (2005); *Johnson v. United States,* 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). The question under the third prong is whether Hernandez–Gonzalez has demonstrated that the sentencing judge would have reached a different result had it sentenced him under an advisory scheme rather than a mandatory one. *Mares,* 402 F.3d at 521–22, 2005 WL 503715, at *9. The only evidence Hernandez–Gonzalez cites that, in his view, would lead to a different outcome, is that: (1) the judge imposed the minimum sentence under the Guidelines; (2) he suffered from an alcohol abuse problem that was responsible for much of his criminal history; and (3) he had returned illegally to the United States to earn money for his family in Honduras. He points to no remarks made by the sentencing judge that raise a reasonable probability that the judge would have imposed a different sentence under an advisory scheme. Hence, even if Hernandez–Gonzalez had made this argument before the decision issued on this direct appeal, it would have failed under the plain-error test. Because reversible plain error has not been shown, it is obvious that the much more demanding standard for extraordinary circumstances cannot be satisfied. Therefore, we need not address what would constitute such circumstances when the *Booker* issue is raised for the first time in a petition for rehearing.

Accordingly, IT IS ORDERED that Hernandez–Gonzalez's petition for rehearing is DENIED.