United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

**03-11226
Summary Calendar**

---

**UNITED STATES OF AMERICA,**

> **Plaintiff-Appellee,**

**versus**

**JOSE SANTOS PEREZ,**

> **Defendant-Appellant.**

---

**Appeal from the United States District Court
for the Northern District of Texas
(No. 3:03-CR-235-ALL)**

---

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

On a previous appeal, we affirmed Jose Santos Perez's gulity plea conviction and sentence for conspiracy to possess stolen mail and possession of stolen mail. *United States v. Perez*, 03-11226, 2004 WL 1418778 (5th Cir. 22 June 2004) (unpublished). The Supreme Court granted a writ of certiorari; vacated the judgment; and remanded for further consideration in the light of *United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

***Booker***, 125 S. Ct. 738 (2005). ***Perez v. United States***, 125 S. Ct. 1088 (2005).

Following his appeal to our court, Perez first objected to the constitutionality of his sentence in a petition for rehearing. Absent extraordinary circumstances, we will not consider issues raised for the first time in a petition for rehearing. ***United States v. Hernandez-Gonzalez***, 405 F.3d 260, 261 (5th Cir. 2005. Perez has not asserted that he presents the requisite extraordinary circumstances.

In any event, even if we did not review for extraordinary circumstances, Perez's claims would be reviewed only for plain error. ***Id.*** at 262. Under that standard, Perez must show, *inter alia*, that any error affected his substantial rights. ***United States v. Mares***, 402 F.3d 511, 520 (5th Cir. 2005), *petition for cert. filed*, (U.S. 31 Mar. 2005) (No. 04-9517). To meet this burden, Perez must demonstrate the result of his proceeding would have likely been significantly different under an advisory, as opposed to mandatory, sentencing regime. ***Id.*** at 521. Perez admits that he cannot meet this burden. (For purposes of possible review by the Supreme Court, he maintains the ***Mares*** standard is erroneous.) Because Perez cannot show reversible plain error, he cannot show the requisite extraordinary circumstances.

Perez also contends for the first time that due process and *ex post facto* concerns require us to vacate and remand to district

2

court for re-sentencing.  Our court has previously rejected both of these contentions.  *United States v. Taylor*, ___ F.3d ___, 2005 WL 1155245, at *1 n.1 (5th Cir. 17 May 2005).  Accordingly, we reinstate our judgment affirming Perez's conviction and sentence.

*AFFIRMED*