United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 17, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

**No. 03-20937
Conference Calendar**

---

**UNITED STATES,**

**Plaintiff-Appellee,**

**versus**

**ROBERTO GARZA,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court
for the Southern District of Texas
(H-03-CR-94-2)**

---

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed Roberto Garza's 87-month sentence imposed pursuant to a guilty-plea conviction for possession with intent to distribute in excess of five kilograms of cocaine. ***United States v. Garza***, 03-20937, 2004 WL 1418781 (5th Cir. 22 June 2004). The Supreme Court granted Garza's petition for writ of certiorari and for leave to proceed *in forma pauperis* (IFP); vacated our previous judgment; and remanded the case for further consideration in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

light of *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005). *Garza v. United States*, 125 S. Ct. 1054 (2005). We requested, and received, supplemental briefs addressing the impact of *Booker*. Having reconsidered our decision pursuant to the Supreme Court's instructions, we reinstate our judgment affirming the sentence.

For the first time in his petition for rehearing en banc, Garza challenged the constitutionality of his sentence, based on the then-recent holding in *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004), claiming the district court sentenced him according to a drug quantity larger than that to which he pleaded. Absent extraordinary circumstances, we will not consider a defendant's *Booker*-related claims presented for the first time in a petition for rehearing. *United States v. Hernandez-Gonzalez*, 405 F.3d 260, 261 (5th Cir. 2005).

Garza has presented no evidence of extraordinary circumstances. At sentencing, Garza objected to the district court's drug quantity calculation as a misinterpretation of the Guidelines; he did *not* object on constitutional grounds. Even if we did not require showing extraordinary circumstances, because Garza did not raise *Booker*-related claims in district court, any review would be only for plain error. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005), *petition for cert. filed*, (U.S. 31 Mar. 2005) (No. 04-9517). Garza's claims would fail the third

2

prong of plain-error review because he "cannot carry his burden of demonstrating that the [sentence] would have likely been different had the judge been sentencing under the *Booker* advisory regime rather than the pre-*Booker* mandatory regime". *Id.* at 522. In sum, because he fails plain-error review, Garza falls far short of showing the requisite extraordinary circumstances.

*AFFIRMED*

3