United States Court of Appeals
Fifth Circuit

**F I L E D**

June 17, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 03-40728

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE EPIFANIO ELIZARRARAZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-781-ALL

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The Supreme Court has granted Defendant-Appellant Jose Epifanio Elizarraraz's petition for

a writ of certiorari, vacated our previous affirmance of his conviction, and remanded the case to this

court for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005).

Elizarraraz challenged the constitutionality of the Sentencing Guidelines as applied to him for

_____

[*]        Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

the first time in his petition for a writ of certiorari. Absent exceptional circumstances, we will not consider an argument raised for the first time in a petition for certiorari. *United States v. Taylor*, No. 03-10167, 2005 WL 1155245, at *1 (5th Cir. May 17, 2005); *see also United States v. Hernandez-Gonzalez*, 405 F.3d 260, 261-62 (5th Cir. 2005) (holding that, absent extraordinary circumstances, we will not consider an issue raised for the first time in a petition for rehearing); *United States v. Ardley*, 273 F.3d 991 (11th Cir. 2001) (en banc) (holding that even a remand by the Supreme Court for reconsideration in light of an intervening Court opinion does not require the court to consider an argument raised for the first time in a petition for certiorari). While we have not defined what constitutes "extraordinary circumstances" in cases involving *Booker* issues, we have held that an appellant who cannot satisfy the plain error standard under *United States v. Mares*, 402 F.3d 511 (5th Cir. 2005), *petition for cert. filed* (March 31, 2005) (No. 04-9517) cannot demonstrate extraordinary circumstances. *See Taylor*, 2005 WL 1155245, at *1 ("Because plain error has not been shown, it is obvious that the much more demanding standard for extraordinary circumstances . . . cannot be satisfied.").

Elizarraraz has not shown plain error because he has offered no evidence suggesting that "the sentencing judge) ) sentencing under an advisory scheme rather than a mandatory one) ) would have reached a significantly different result." *Mares*, 402 F.3d at 521. Accordingly, he has also failed to show extraordinary circumstances warranting consideration of an issue raised for the first time in a petition for a writ of certiorari. *See Taylor*, 2005 WL 1155245, at *1.

Having reconsidered our decision in accordance with the Supreme Court's instructions, we reinstate our judgment affirming Elizarraraz's conviction and sentence.