IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 13, 2005**

Charles R. Fulbruge III
Clerk

No. 04-40563
Conference Calendar

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

    v.

GLAFIRO DE LA CRUZ

                    Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1871-ALL
---------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    This court affirmed the judgment of conviction and sentence

of Glafiro De La Cruz. United States v. De La Cruz, No. 04-40563

(5th Cir. Dec. 17, 2004)(unpublished). The Supreme Court vacated

and remanded for further consideration in light of United States

v. Booker, 125 S. Ct. 738 (2005). See Muniz-Tapia v. United

States, 125 S. Ct. 1960 (2005). We requested and received

supplemental letter briefs addressing the impact of Booker.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

De La Cruz argues that he is entitled to resentencing because the district court sentenced him under a mandatory application of the United States Sentencing Guidelines prohibited by Booker. This court will not consider a Booker-related challenge raised for the first time in a petition for certiorari absent extraordinary circumstances. United States v. Taylor, __ F.3d __, No. 03-10167, 2005 WL 1155245 at *1 (5th Cir. May 17, 2005). De La Cruz identifies "no evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system." Id. (citing United States v. Hernandez-Gonzalez, 405 F.3d 260, 261 (5th Cir. 2005)); United States v. Mares, 402 F.3d 511, 521-22 (5th Cir. 2005), petition for cert. filed (U.S. Mar. 31, 2005)(No. 04-9517).

De La Cruz concedes that he cannot make the necessary showing of plain error that is required by our precedent. He also correctly acknowledges that this court has rejected the argument that a Booker error is a structural error or that such error is presumed to be prejudicial. See Mares, 402 F.3d at 520-22; see also United States v. Malveaux, __ F.3d __, No. 03-41618, 2005 WL 1320362, *1 n.9 (5th Cir. Apr. 11, 2005). Because De La Cruz has not demonstrated plain error, "it is obvious that the much more demanding standard for extraordinary circumstances, warranting review of an issue raised for the first time in a petition for certiorari, cannot be satisfied." See Taylor, 2005 WL 1155245 at *1.

Because nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case, we therefore reinstate our judgment affirming De La Cruz's conviction and sentence.

AFFIRMED.