United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 3, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40786
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN MANUEL AVILA-CHAVEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-03-CR-59-1
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

This court affirmed the sentence of Juan Manuel Avila-Chavez ("Avila").  See United States v. Avila-Chavez, No. 03-40786 (5th Cir. Feb. 18, 2004).  The Supreme Court vacated and remanded for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005).  We requested and received supplemental letter briefs addressing the impact of Booker.

The Government argues that this appeal is moot because Avila was released from prison and deported back to Mexico on December

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

27, 2004. Avila argues that his appeal "still presents a live issue" because he is on supervised release until December 27, 2005. Article III, § 2 of the Constitution requires that a "'case-or-controversy . . . subsist[] through all stages of federal judicial proceedings, trial and appellate.'" See Spencer v. Kemna, 523 U.S. 1, 7 (1998); see also United States v. Clark, 193 F.3d 845, 847 (5th Cir. 1999). This requirement is met because Avila is still subject to supervised release, a part of his total sentence. See United States v. Gonzalez, 250 F.3d 923, 928 (5th Cir. 2001).

Avila's argument that the district court's mandatory application of the guidelines "is structural, or at least presumptively prejudicial, thus obviating the need for a specific showing of prejudice" has been rejected as inconsistent with this court's analysis in United States v. Mares, 402 F.3d 511 (5th Cir.), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). See United States v. Martinez-Lugo, ___ F.3d ___, No. 04-40478, 2005 WL 1331282 *2 (5th Cir. June 7, 2005); United States v. Malveaux, ___ F.3d ___, No. 03-41618, 2005 WL 1320362 *1 n.9 (5th Cir. Apr. 11, 2005). Avila's alternative argument that the district court's mandatory application of the guidelines constitutes plain error also lacks merit. This court will not consider a Booker-related challenge raised for the first time in a petition for certiorari absent extraordinary circumstances. United States v. Taylor, 409 F. 3d 675, 676 (5th Cir. 2005)(5th

Cir. 2005). Avila identifies "no evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system." Id. (citing United States v. Hernandez-Gonzalez, 405 F.3d 260, 261 (5th Cir. 2005)); Mares, 402 F.3d at 521-22. The fact that the district court imposed the minimum sentence under the guideline range "alone is no indication that the judge would have reached a different conclusion under an advisory scheme." See United States v. Bringier, 405 F.3d 310, 317-18 n.4 (5th Cir. 2005)(citing Mares, 402 F.3d at 521-22). Because Avila has not demonstrated plain error, "it is obvious that the much more demanding standard for extraordinary circumstances, warranting review of an issue raised for the first time in a petition for certiorari, cannot be satisfied." See Taylor, 409 F. 3d at 677.

Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Avila's conviction and sentence.

AFFIRMED.