United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 03-20612
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRANCE SWEAT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-368-5
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before BARKSDALE, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This court affirmed the judgment of conviction and sentence

of Terrance Sweat. United States v. Sweat, No. 03-20612 (5th

Cir. Jun. 21, 2004) (unpublished). The Supreme Court vacated and

remanded for further consideration in light of United States v.

Booker, 125 S. Ct. 738 (2005). Sweat v. United States, 125

S. Ct. 993 (2005). We requested and received supplemental letter

briefs addressing the impact of Booker.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sweat contends that he is entitled to resentencing because the district court sentenced him under a mandatory application of the United States Sentencing Guidelines prohibited by <u>Booker</u>. This court will not consider a <u>Booker</u>-related challenge raised for the first time in a petition for certiorari absent extraordinary circumstances. <u>United States v. Taylor</u>, ___ F.3d ___, No. 03-10167, 2005 WL 1155245 at *1 (5th Cir. May 17, 2005). Sweat identifies "no evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system." <u>Id.</u> (citing <u>United States v. Hernandez-Gonzalez</u>, 405 F.3d 260, 261 (5th Cir. 2005); <u>United States v. Mares</u>, 402 F.3d 511, 521-22 (5th Cir.), <u>petition for cert. filed</u> (March 31, 2005) (No. 04-9517)). This court has rejected the argument that a <u>Booker</u> error is a structural error or that such error is presumptively prejudicial. <u>Mares</u>, 402 F.3d at 520-22; <u>see also</u> <u>United States v. Malveaux</u>, ___ F.3d ___, No. 03-41618, 2005 WL 1320362, *1 n.9 (5th Cir. Apr. 11, 2005). Because Sweat has not demonstrated plain error, "it is obvious that the much more demanding standard for extraordinary circumstances, warranting review of an issue raised for the first time in a petition for certiorari, cannot be satisfied." <u>See</u> <u>Taylor</u>, 2005 WL 1155245 at *1.

Because nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case, we therefore reinstate our judgment affirming Sweat's conviction and sentence.

AFFIRMED.