United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50719
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

TONIA ANISSIA DAVIS, also known as Tonia Davis,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-02-CR-66-3
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before BARKSDALE, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     This court affirmed the sentence of Tonia Anissia Davis.
United States v. Davis, No. 03-50719 (5th Cir. Jan. 6, 2004)
(unpublished).  The Supreme Court vacated and remanded for
further consideration in light of United States v. Booker, 125
S. Ct. 738 (2005).  Davis v. United States, 125 S. Ct. 1046
(2005).  This court requested and received supplemental letter
briefs addressing the impact of Booker.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Davis contends that she is entitled to resentencing because the district court used judicially-found facts to enhance her offense level and sentenced her under a mandatory application of the United States Sentencing Guidelines prohibited by Booker. This court will not consider a Booker-related challenge raised for the first time in a petition for certiorari absent extraordinary circumstances. United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005). Davis identifies "no evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system." Id. (citing United States v. Hernandez-Gonzalez, 405 F.3d 260, 261 (5th Cir. 2005); United States v. Mares, 402 F.3d 511, 521-22 (5th Cir.), petition for cert. filed (March 31, 2005) (No. 04-9517)). Because Davis has not demonstrated plain error, "it is obvious that the much more demanding standard for extraordinary circumstances, warranting review of an issue raised for the first time in a petition for certiorari, cannot be satisfied." See Taylor, 409 F.3d at 677.

Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we therefore reinstate our judgment affirming Davis's conviction and sentence.

AFFIRMED.