**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 20, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 02-41157
Summary Calendar

————————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LUIS ALDO MEZA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-445-ALL
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM and DeMOSS, Circuit Judges.[*]

PER CURIAM:[**]

     This court affirmed the sentence of Luis Aldo Meza. United

States v. Meza, No. 02-41157 (5th Cir. Dec. 5, 2003)

(unpublished). The Supreme Court vacated and remanded for

further consideration in light of United States v. Booker, 125

S. Ct. 738 (2005). Meza v. United States, 125 S. Ct. 984 (2005).

————————————————

[*] This matter is being decided by a quorum. 28 U.S.C.
§ 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court requested and received supplemental letter briefs addressing the impact of Booker.

Meza contends that he is entitled to resentencing because the district court sentenced him under a mandatory application of the United States Sentencing Guidelines prohibited by Booker. This court will not consider a Booker-related challenge raised for the first time in a petition for certiorari absent extraordinary circumstances. United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005). Meza identifies "no evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system." Id. (citing United States v. Hernandez-Gonzalez, 405 F.3d 260, 261 (5th Cir. 2005), petition for cert. filed (June 27, 2005) (No. 05-5220); United States v. Mares, 402 F.3d 511, 521-22 (5th Cir.), petition for cert. filed (March 31, 2005) (No. 04-9517)).

Meza argues that he need not show prejudice because the error was structural. This court has recently held otherwise. See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005). He also argues that this court wrongly decided Mares; this argument is unavailing. See United States v. Ruff, 984 F.2d 635, 640 (5th Cir. 1993). Meza raises this latter argument to preserve it for possible further review.

Because Meza has not demonstrated even plain error, "it is obvious that the much more demanding standard for extraordinary circumstances, warranting review of an issue raised for the first

time in a petition for certiorari, cannot be satisfied." See Taylor, 409 F.3d at 677.

Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we therefore reinstate our judgment affirming Meza's conviction and sentence.

AFFIRMED.