United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50121
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JOHAN FEHR,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-1334-1
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Johan Fehr appeals the sentences imposed following his guilty-plea convictions for conspiracy to possess with intent to distribute 100 kilograms or more of marijuana and possession with intent to distribute 100 kilograms or more of marijuana.  For the first time on appeal, Fehr argues that the district court committed reversible error under United States v. Booker, 125 S. Ct. 738 (2005), by sentencing him pursuant to a mandatory application of the sentencing guidelines.  We review for plain

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error.  See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005).

Fehr contends that the district court would have sentenced him to a lesser sentence under an advisory guidelines scheme because it sentenced him to the minimum guidelines sentence, because it inquired whether he was entitled to a three-level reduction for acceptance of responsibility, and because it waived the fine.  Fehr further asserts that he would have received a lesser sentence because the district court noted that it had received nice letters from Fehr's family and that Fehr should be reassured that the people who knew him best thought so highly of him.

As Fehr acknowledges, being sentenced to the minimum guidelines sentence, standing alone, is not sufficient to show plain error.  See United States v. Bringier, 405 F.3d 310, 317 (5th Cir.), cert. denied, 126 S. Ct. 264 (2005).  The district court's comments regarding Fehr's family and the letters they sent are insufficient to show plain error.  See United States v. Creech, 408 F.3d 264, 272 (5th Cir. 2005) (mere sympathy to defendant or his family is insufficient).  Fehr "points to no remarks made by the sentencing judge that raise a reasonable probability that the judge would have imposed a different sentence under an advisory scheme."  United States v. Hernandez-Gonzalez, 405 F.3d 260, 262 (5th Cir.), cert. denied, 126 S. Ct.

202 (2005).  Accordingly, Fehr has not shown that the district court committed plain error.  See id.

AFFIRMED.