**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco Javier REYES–QUINTAN-**
**ILLA, Defendant–Appellant.**

No. 04–40589.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Nov. 15, 2005.

James Lee Turner, John Richard Berry, Assistant U.S. Attorneys, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Miguel A. Nogueras, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, JONES and WIENER, Circuit Judges.

## *ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES*

PER CURIAM: *

This court affirmed the judgment of conviction and sentence of Francisco Javier Reyes–Quintanilla. *United States v. Reyes–Quintanilla,* 110 Fed.Appx. 434 (5th Cir.2004). The Supreme Court vacat-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ed and remanded for further consideration in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See Gonzalez–Orozco v. United States,* —— U.S. ——, 125 S.Ct. 1368, 161 L.Ed.2d 99 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker.*

In his original appeal to this court, Reyes–Quintanilla made a *Blakely* objection to his sentencing. Because Reyes–Quintanilla did not make this argument at the district court, we review for plain error. *See United States v. Cruz,* 418 F.3d 481, 484 (5th Cir.2005).

Under the *Booker* holding that changes the Guidelines from mandatory to advisory, there is error in this case because the district court viewed and acted under the Sentencing Guidelines as mandatory and not discretionary. Reyes–Quintanilla, however, identifies no evidence in the record suggesting that the district court "would have reached a significantly different result" under an advisory scheme rather than a mandatory one. *United States v. Mares,* 402 F.3d 511, 521 (5th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005). Accordingly, Reyes–Quintanilla cannot make the necessary showing of plain error that is required by our precedent. *See United States v. Bringier,* 405 F.3d 310, 318 n. 4 (5th Cir.2005) (comments that sentence was "harsh" are insufficient to demonstrate that defendant's substantial rights were affected), *cert. denied,* —— U.S. ——, 126 S.Ct. 264, 163 L.Ed.2d 238 (2005); *United States v. Creech,* 408 F.3d 264, 272 (5th Cir.2005) ("[M]ere sympathy ... is not indicative of a judge's desire to sentence differently under a non-mandatory Guidelines regime."); *United States v. Hernandez–Gonzalez,* 405 F.3d 260, 262 (5th Cir.2005) (sentence at the bottom of the Guideline range and potential mitigat-

ing factors do not raise a reasonable probability of a different sentence), *cert. denied,* —— U.S. ——, 126 S.Ct. 202, 163 L.Ed.2d 201 (2005).

Furthermore, Reyes–Quintanilla correctly acknowledges that this court has rejected the argument that a *Booker* error is a structural error or that such error is presumed to be prejudicial. *See Mares,* 402 F.3d at 520–22; *see also United States v. Malveaux,* 411 F.3d 558, 561 n. 9 (5th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 194, 163 L.Ed.2d 209 (2005). He desires to preserve this argument for further review.

Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we adhere to our prior determination and therefore reinstate our judgment AFFIRMING Reyes–Quintanilla's conviction and sentence.

**AFFIRMED.**