**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ricardo AGUILAR–HERNANDEZ,
Defendant–Appellant.**

No. 05–40083.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 14, 2005.

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM: *

Ricardo Aguilar–Hernandez appeals the sentence imposed following his guilty-plea conviction for being unlawfully present in the United States after removal following a conviction for an aggravated felony. For the first time on appeal, Aguilar argues that the district court committed reversible error under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by sentencing him pursuant to a mandatory application of the sentencing guidelines. Because Aguilar did not raise this issue below, we review it for plain error only. *See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 732 (5th Cir. 2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 267, —— L.Ed.2d —— (2005).

Aguilar argues that the district court's mandatory application of the sentencing guidelines was plainly erroneous because the error was structural and because prejudice should otherwise be presumed. This court has rejected these arguments. *See United States v. Malveaux,* 411 F.3d 558, 560 n. 9 (5th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 194, —— L.Ed.2d —— (2005).

Aguilar additionally asserts that he would have received a lesser sentence under an advisory application of the guidelines because the district court sentenced him at the low end of the guidelines range. The fact that Aguilar received the minimum guidelines sentence is not sufficient to show plain error. *See United States v. Bringier,* 405 F.3d 310, 317 & n. 4 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 264, —— L.Ed.2d —— (2005). Aguilar "points to no remarks made by the sentencing judge that raise a reasonable prob-

---

ability that the judge would have imposed a different sentence under an advisory scheme," and we have not identified any such remarks in the record. *United States v. Hernandez–Gonzalez,* 405 F.3d 260, 262 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 202, —— L.Ed.2d —— (2005). Accordingly, Aguilar has not shown that the district court committed reversible plain error. *See id.*

Aguilar's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Aguilar contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, —— L.Ed.2d —— (2005). Aguilar properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.