United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40083
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

RICARDO AGUILAR-HERNANDEZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-495-ALL
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:*

     Ricardo Aguilar-Hernandez appeals the sentence imposed

following his guilty-plea conviction for being unlawfully present

in the United States after removal following a conviction for an

aggravated felony.  For the first time on appeal, Aguilar argues

that the district court committed reversible error under United

States v. Booker, 125 S. Ct. 738 (2005), by sentencing him

pursuant to a mandatory application of the sentencing guidelines.

Because Aguilar did not raise this issue below, we review it for

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plain error only.  See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005), cert. denied, 126 S. Ct. 267 (2005).

Aguilar argues that the district court's mandatory application of the sentencing guidelines was plainly erroneous because the error was structural and because prejudice should otherwise be presumed.  This court has rejected these arguments. See United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. 2005), cert. denied, 126 S. Ct. 194 (2005).

Aguilar additionally asserts that he would have received a lesser sentence under an advisory application of the guidelines because the district court sentenced him at the low end of the guidelines range.  The fact that Aguilar received the minimum guidelines sentence is not sufficient to show plain error.  See United States v. Bringier, 405 F.3d 310, 317 & n.4 (5th Cir.), cert. denied, 126 S. Ct. 264 (2005).  Aguilar "points to no remarks made by the sentencing judge that raise a reasonable probability that the judge would have imposed a different sentence under an advisory scheme," and we have not identified any such remarks in the record.  United States v. Hernandez-Gonzalez, 405 F.3d 260, 262 (5th Cir.), cert. denied, 126 S. Ct. 202 (2005).  Accordingly, Aguilar has not shown that the district court committed reversible plain error.  See id.

Aguilar's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224,

235 (1998).  Although Aguilar contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Aguilar properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.