United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-20205
_____

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

                    versus

UBALDO CANTU-MARICHALAR,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-392-1
_____

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before JONES, Chief Judge, and JOLLY and WIENER, Circuit Judges.

PER CURIAM:[*]

     This court affirmed Ubaldo Cantu-Marichalar's conviction and sentence. United States v. Cantu-Marichalar, 111 Fed. Appx. 323 (5th Cir. 2004). The Supreme Court vacated and remanded for further consideration in the light of United States v. Booker, 125 S.Ct. 738 (2005). Cantu-Marichalar v. United States, 125 S.Ct. 1423 (2005). We requested and received supplemental letter briefs addressing the impact of Booker.

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his supplemental brief, Cantu-Marichalar argues that the district court's application of mandatory sentencing guidelines was reversible plain error. Cantu-Marichalar acknowledges that he did not raise this issue before the district court. Accordingly, we review the claim only for plain error. United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S.Ct. 43 (2005). There is no plain error because, as Cantu-Marichalar concedes, the district court did not make any statements that could support an inference that the district court would have imposed a lesser sentence under advisory sentencing guidelines.

Cantu-Marichalar argues that the record supports a finding that there is a reasonable probability that the district court would have imposed a lower sentence under an advisory sentencing scheme. In support of this contention, he points to the fact that he received the minimum sentence under the guidelines range; and that he filed a motion for downward departure based on cultural assimilation because he had lived in the United States since he was a young child and had significant family, cultural, and emotional ties to the United States. He contends that, in a post-Booker world, the district court might well have concluded that the minimum sentence under the guidelines was greater than necessary to meet the purposes of sentencing identified in 18 U.S.C. § 3553(a), even if Cantu-Marichalar were unable to meet the standards for a downward departure. Cantu-Marichalar has failed to carry his burden of demonstrating that there is a reasonable probability that

2

he would have received a lesser sentence under advisory guidelines. See United States v. Bringier, 405 F.3d 310, 317-18 & n.4 (5th Cir.) (sentencing judge's acknowledgement that sentence was "harsh", and fact that sentencing judge imposed minimum sentence under guideline range is not an "indication that the judge would have reached a different conclusion under an advisory scheme"), cert. denied, 126 S.Ct. 264 (2005); see also United States v. Hernandez-Gonzalez, 405 F.3d 260, 262 (5th Cir.) (fact that defendant received minimum sentence under Guidelines, and evidence that defendant suffered from alcohol abuse problem that was responsible for much of his criminal history and that he returned illegally to the United States to earn money for his family in Honduras was insufficient to demonstrate that sentencing judge would have imposed lower sentence under advisory guidelines), cert. denied, 126 U.S. 202 (2005).

Cantu-Marichalar contends that application of the plain error standard is inappropriate because it would have been futile for him to have objected to application of the mandatory guidelines in the light of Fifth Circuit precedent existing at the time of his sentencing, or because the remedial portion of Booker was novel and unforeseeable at the time of his sentencing. As he acknowledges, these arguments are foreclosed by this court's decision in Mares.

Finally, Cantu-Marichalar contends that the Booker error was structural and that prejudice should be presumed. This contention is also foreclosed by Mares. See United States v. Martinez-Lugo,

3

411 F.3d 597, 601 (5th Cir.), <u>cert. denied</u>, 126 S.Ct. 464 (2005); <u>United States v. Malveaux</u>, 411 F.3d 558, 561 n.9 (5th Cir.), <u>cert. denied</u>, 126 S.Ct. 194 (2005).

For the foregoing reasons, we conclude that nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case.  We therefore reinstate our judgment affirming Cantu-Marichalar's conviction and sentence.

JUDGMENT REINSTATED.

4