United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 23, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 03-40567
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT CARLOS RAMOS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

The United States Supreme Court granted defendant-appellant Robert Carlos Ramos's

petition for certiorari, vacated this court's previous judgment, and remanded the case to this court

for consideration in light of its ruling in *United States v. Booker*, 125 S. Ct. 738 (2005). *See Ramos*

*v. United States*, 125 S. Ct. 1031 (2005).

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

PROCEDURAL HISTORY

Robert Carlos Ramos pled guilty to possession with intent to distribute cocaine, in contravention of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The district court sentenced him to 84 months of incarceration, which was at the low-end of the applicable 84-105 month range under the U. S. Sentencing Guidelines (hereinafter "U.S.S.G."). He appealed his sentence, challenging the district court's factual findings as to quantity of drugs ascribed to him in the Presentence Report, and on the ground that 21 U.S.C. § 841 was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This court affirmed Ramos's sentence, but in response to Ramos's petition for writ of certiorari the Supreme Court granted the petition, vacated that judgment and remanded the case to this court for consideration in light of its ruling in *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Ramos*, 96 Fed. Appx. 246 (5th Cir. May 6, 2004) (en banc), *vacated*, *Ramos v. United States*, 125 S. Ct. 738 (2005).

CONSIDERATION OF RAMOS'S SENTENCE IN LIGHT OF *BOOKER*

Pursuant to our instructions, the parties filed briefs which discuss the impact of *Booker* upon Ramos's 84-month sentence. Ramos concedes that he did not preserve any error that would be cognizable under *Booker*, given that he did not previously argue that the district court granted an upward departure based on facts that were not proven to a jury beyond a reasonable doubt, and did not challenge the fact that he was sentenced under federal sentencing guidelines that were understood to be mandatory. *See Booker*, 125 S. Ct. at 756-765 (2005). Moreover, Ramos recognizes that, given his failure to preserve these claims, his 84-month term of incarceration will be reviewed for plain error.

2

Our plain error inquiry involves four related prongs: (1) there must have been an error; (2) that was clear and obvious; and (3) said error affected the substantial rights of the defendant. *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005), *cert. denied*, *Mares v. United States*, 126 S. Ct. 43 (2005). Finally, once the foregoing elements are satisfied, the reviewing court may exercise its discretion to find plain error only if: (4) the error seriously affected "the fairness, integrity, or public reputation of the judicial proceedings." *Id.*

Our review of the record reveals that, even if we assume, *arguendo*, that Ramos established the first two prongs in the plain error analysis, he has not established that his substantial rights have been affected. Ramos maintains that the district court felt constrained by the U.S.S.G. and only sentenced him to an 84-month term because it was the minimum term allowed by the mandatory guidelines. He notes, for example, that the sentencing judge stated during Ramos's sentencing hearing that the imposition of an 84-month sentence "conformed to the mandates of the Sentencing Guidelines." Ramos interprets this statement to mean that there was a reasonable likelihood that, but for the mandatory nature of the U.S.S.G., he would have received a significantly lesser sentence.

We have recognized post-*Booker* that even in the context of plain error review, where the record plainly manifests that the district judge would have imposed a sentence below the defendant's applicable sentencing range had he been free to do so, that sentence may be vacated. *See United States v. Pennell*, 409 F.3d 240, 246 (5th Cir. 2005) ("[W]e are persuaded that it is likely that if the district court thought he was at liberty . . . he would have arrived at a lesser sentence."). Nevertheless, the instant record does not suggest that, had the district court understood the U.S.S.G. to be advisory rather than mandatory, it would have imposed a sentence of imprisonment less than 84 months. *See United States v. Infante*, 404 F.3d 376, 394-95 (5th Cir.2005).

The fact that Ramos was sentenced at the bottom of the applicable U.S.S.G. range does not establish *ipso facto* that, absent the mandatory nature of the guidelines, the district court would have imposed a lesser sentence. *See United States v. Hernandez-Gonzalez*, 405 F.3d 260, 262 (5th Cir. 2005). Standing alone, this fact neither indicates that the district court deemed a lesser sentence more just, nor shows that Ramos's substantial rights have been affected. Likewise, the district court's statement that the sentence imposed conformed to the U.S.S.G. sheds no light on whether a lesser sentence otherwise would have been imposed. Thus, even were we to assume that Ramos's interpretation is correct, such reasonable likelihood does not satisfy the third prong of the plain error analysis without some indication, plainly manifested in the record, that the sentencing court would have imposed a lesser sentence. Accordingly, Ramos's sentence is AFFIRMED.