United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 15, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10704
consolidated with
No. 02-10975 and
No. 02-11364

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM MORRIS RISBY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-442-1-R

_____

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JONES, Chief Judge, and SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

This court affirmed the judgment of conviction and sentence of William Morris Risby. <u>United States v. Risby</u>, No. 02-11364 (5th Cir. Nov. 12, 2004). The Supreme Court vacated and remanded for further consideration in light of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). <u>See</u> <u>Risby v. United States</u>, 125 S.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ct. 1872 (2005). We requested and received supplemental letter briefs addressing the impact of Booker.

At the district court and in his original appeal to this court, Risby objected to the district court's enhancements, arguing that the enhancements were not supported by sufficient evidence. To preserve Booker error, a defendant need not explicitly cite Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), or the Sixth Amendment. See United States v. Akpan, 407 F.3d 360, 376 (5th Cir. 2005). However, he must "adequately apprise[] the court that he was raising a constitutional error." United States v. Olis, slip. op. at 8 (5th Cir. Oct. 31, 2005). The argument must be couched in terms that the facts used to enhance the sentence were not proven to a jury beyond a reasonable doubt. See Akpan, 407 F.3d at 376, 377 (finding that one defendant, who had objected on reasonable doubt grounds, had preserved Booker error, but finding that the other, who did not "couch his arguments ... in the same terms," did not preserve Booker error); United States v. Bringier, 405 F.3d 310, 315 (concluding that the defendant had not preserved his Booker objection even though he objected at trial that the evidence did not support an enhancement because the court did not "consider his arguments below in the 'essence' of Blakely and the Sixth Amendment").

2

Here, Risby's objections did not apprise the district court that he was raising a constitutional claim of error. He objected that the enhancements were not supported by even a preponderance of the evidence. This claim goes to the factual basis of the enhancement, not the constitutional validity of it. Because Risby did not preserve a Booker-like objection in the district court, we review for plain error. See United States v. Garcia-Rodriguez, 415 F.3d 452, 456 (5th Cir. 2005) (finding that raising the Booker issue in a supplemental, 28(j) letter is sufficient to preserve plain error review).

Under the Booker holding that changes the Guidelines from mandatory to advisory, there is error in this case because the district court viewed and acted under the Sentencing Guidelines as mandatory and not discretionary. Risby, however, identifies no evidence in the record suggesting that the district court "would have reached a significantly different result" under an advisory scheme rather than a mandatory one. United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005), cert. denied, 126 S. Ct. 43 (2005). Indeed, Risby was sentenced at the top of the applicable Guideline range. Accordingly, Risby cannot make the necessary showing of plain error that is required by our precedent. See United States v. Bringier, 405 F.3d 310, 318 n.4 (5th Cir. 2005) (comments that sentence was "harsh" are insufficient to demonstrate

3

that defendant's substantial rights were affected), <u>cert. denied</u>, 126 S. Ct. 264 (2005); <u>United States v. Creech</u>, 408 F.3d 264, 272 (5th Cir. 2005) ("[M]ere sympathy ... is not indicative of a judge's desire to sentence differently under a non-mandatory Guidelines regime."); <u>United States v. Hernandez-Gonzalez</u>, 405 F.3d 260, 262 (5th Cir. 2005) (sentence at the bottom of the Guideline range and potential mitigating factors do not raise a reasonable probability of a different sentence), <u>cert. denied</u>, 126 S. Ct. 202 (2005).

Because nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case, we adhere to our prior determination and therefore reinstate our judgment AFFIRMING Risby's conviction and sentence.

AFFIRMED.