**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Albert GUZMAN, Defendant–Appellant.**

**No. 14–10709.**

United States Court of Appeals,
Fifth Circuit.

Aug. 18, 2015.

James Wesley Hendrix, Assistant U.S. Attorney, U.S. Attorney's Office, Dallas, TX, for Plaintiff–Appellee.

Kevin Joel Page, Federal Public Defender's Office, Dallas, TX, for Defendant–Appellant.

Before REAVLEY, OWEN, and HIGGINSON, Circuit Judges.

### *ON PETITION FOR PANEL REHEARING*

PER CURIAM:

Defendant–Appellant Albert Guzman has filed a petition for panel rehearing, in which he argues for the first time that the district court erred in sentencing him under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Only in extraordinary circumstances will this court consider issues raised for the first time in a petition for rehearing. *United States v. Hernandez–Gonzalez*, 405 F.3d 260, 261 (5th Cir.2005) (per curiam); *but see United States v. Middlebrooks*, 624 F.2d 36 (5th Cir.1980) (per curiam) (granting petition for rehearing in light of intervening Supreme Court decision).

Guzman asks the panel to rehear the case to decide whether his sentence is "erroneous and/or illegal in light of the Supreme Court's decision in *Johnson v. United States*," —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), which invalidated the "residual clause" of the ACCA and which was decided after the panel issued the decision in this case.[1] Holding

---

**1.** The ACCA defined "violent felony" as "any crime punishable by imprisonment for a term exceeding one year ... that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B) (emphasis added). As

that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process," the Supreme Court left the rest of the ACCA's definition of violent felony intact. *Johnson*, 135 S.Ct. at 2563. Accordingly, if Guzman has three prior convictions that qualify as violent felonies under the ACCA, even in the absence of the residual clause, then *Johnson* is irrelevant. Guzman concedes that even after *Johnson*, his two prior convictions for burglary of a building are qualifying offenses under the ACCA. *See* 18 U.S.C. § 924(e)(2)(B)(ii) (including "burglary" in the definition of "violent felony"). Guzman contends, however, that he has no third prior conviction for a "violent felony or a serious drug offense." *See* 18 U.S.C. § 924(e)(1).

It is significant that had Guzman challenged the district court's imposition of a sentence under the ACCA originally on appeal, we would have reviewed for plain error. *Hernandez–Gonzalez*, 405 F.3d at 262; *see also United States v. Fernandez*, 559 F.3d 303, 316 (5th Cir.2009) ("We may review a claim raised for the first time on appeal, even when based on an intervening Supreme Court decision, only for plain error."). "Under the plain-error test, a federal appellate court may correct a forfeited error only if there is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *Hernandez–Gonzalez*, 405 F.3d at 262 (quoting *United States v. Cotton*, 535

U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)). Crucially, "[t]o satisfy the second prong of plain error inquiry, the legal error must be clear or obvious, rather than subject to reasonable [dispute]." *United States v. Rodriguez–Parra*, 581 F.3d 227, 231 (5th Cir.2009) (second alteration in original) (citation and internal quotation marks omitted). Further, even if all three prongs are satisfied, the appellate court should only exercise its discretion to remedy the error if it "seriously affect[s] the fairness, integrity or public reputation of the judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009) (alteration in original) (citation and internal quotation marks omitted).

As Guzman describes, he presents a "complicated question" regarding whether his 1995 conviction for aggravated assault, in violation of Texas Penal Code § 22.02, qualifies as a "violent felony" as defined by 18 U.S.C. § 924(e)(2)(B).[2] Relevant here, "the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year ... that ... has as an element the use, attempted use, *or threatened use of physical force* against the person of another." § 924(e)(2)(B) (emphasis added). The 1994 version of Texas Penal Code § 22.02(a) provided that "[a] person commits an offense if the person commits assault as defined in § 22.01 [3] and the

---

the Supreme Court explained, "[t]he closing words of this definition, italicized above, have come to be known as the Act's residual clause." *Johnson*, 135 S.Ct. at 2556.

**2.** Guzman also asserts that his prior convictions for evading arrest and possession of methamphetamine do not qualify as "violent felon[ies] or serious drug offense[s]" under the ACCA. In light of our analysis of the aggravated assault conviction, we do not need to address those crimes.

**3.** Section 22.01(a) provided that "[a] person commits an offense if the person: (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse; (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonable believe that the other will regard the contact as offensive or provocative."

person: (1) causes serious bodily injury to another, including the person's spouse; or (2) uses or exhibits a deadly weapon during the commission of the assault." Guzman states that his judicial confession and indictment narrow his relevant offense of conviction to a violation of § 22.01(a)(2) (threatening imminent bodily injury), and § 22.02(a)(2) (using or exhibiting a deadly weapon). Specifically, the judicial confession, which Guzman signed and swore to, stated that he "unlawfully, then and there knowingly and intentionally threaten[ed the victim], with imminent bodily injury, and said defendant did use and exhibit a deadly weapon to-wit: a firearm, during the commission of the assault." *See United States v. Velasco,* 465 F.3d 633, 638 (5th Cir.2006) ("[I]f an offense statute contains disjunctive statutory alternatives under which a defendant may be convicted, a sentencing court may look to the offense conduct described in the indictment or jury instructions for the limited purpose of determining which of the disjunctive alternatives a defendant's conviction satisfies.").

In light of the above, the question presented by Guzman for the first time in his panel rehearing petition reduces to whether his offense of "intentionally or knowingly threaten[ing] another with imminent bodily injury," § 22.01(a)(2), while "us[ing] or exhibit[ing] a deadly weapon," § 22.02(a)(2), has as an element the "threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B). *Compare United States v. Vargas–Duran,* 356 F.3d 598, 606 (5th Cir. 2004) (en banc) (finding crime-of-violence enhancement improperly applied to conviction for intoxication assault, reasoning that "the fact that the statute requires that serious bodily injury result from the operation of a motor vehicle by an intoxicated person does not mean that the statute requires that the defendant have used the force that caused the injury.... There is

... a difference between a defendant's causation of an injury and the defendant's use of force."), *with Velasco,* 465 F.3d at 641 (upholding crime-of-violence enhancement for aggravated battery conviction, reasoning that "the 'use' of a deadly weapon to cause bodily harm ... involves the element of the use of destructive physical force against the victim's person"). Having examined the parties' competing caselaw on this issue, we are unable to say on the existing record that the district court clearly or obviously erred. *See United States v. Rodriguez–Parra,* 581 F.3d 227, 230 (5th Cir.2009) ("There is no plain error if the legal landscape at the time showed the issue was disputed, even if ... the district court turns out to have been wrong.").

Because Guzman has not convinced us that reversible plain error occurred, he has also failed to demonstrate, under a more demanding standard and on the existing record, that extraordinary circumstances have been shown. *See Hernandez–Gonzalez,* 405 F.3d at 262. Accordingly, IT IS ORDERED that Guzman's petition for panel rehearing is DENIED.