# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20268

United States Court of Appeals
Fifth Circuit

**FILED**

February 9, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DON JEROME SHEPHERD,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, JONES, and HAYNES, Circuit Judges.*

EDITH H. JONES, Circuit Judge:

This is an appeal that should not have been pursued. Appellant Shepherd's challenge to the PSR's sentencing guidelines calculation was brought to the district court's attention; the court acknowledged some uncertainty about the appropriate sentencing range; and the court explicitly sought to "moot" the challenge. This the court did by issuing a sentence that effectively accepts Shepherd's objection. Not content with partial but palpable success, he claims on appeal that the court's pronouncement was too "vague"

---

* Judge Haynes concurs in the judgment only.

to withstand harmless error analysis.   We disagree.   The sentence is AFFIRMED.

Don Jerome Shepherd pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Shepherd received a total offense level of 25 based, in part, on his prior Texas convictions for aggravated assault, Tex. Penal Code § 22.02(a)(2), and delivery of a controlled substance, Tex. Health & Safety Code § 481.112(a).   Shepherd's Criminal History Category of III yielded a guidelines range of imprisonment of 70 to 87 months.   Shepherd objected to the determination that his prior Texas conviction for delivery of a controlled substance constituted a controlled substance offense under the guidelines.   At sentencing, the district court overruled his objection, but imposed a much lower sentence of 46 months imprisonment and three years of supervised release.  The district judge stated that she wished to "moot" Shepherd's objection.

Shepherd contends on appeal that the court misapplied the guidelines enhancements for both of the Texas convictions, neither of which is eligible to serve as a predicate offense under U.S.S.G. § 4B1.2(b).  We find, respectively, harmless error and no plain error in the court's determinations.

First,  it is correct that, after the court sentenced Shepherd, this court declared that a Texas conviction for delivery of a controlled substance is not a "controlled substance offense" within the meaning of the Sentencing Guidelines, U.S.S.G. § 2K2.1(a)(2) (and therefore cannot serve as a predicate offense under § 4B1.2(b)).  *United States v. Hinkle,* 832 F.3d 569, 571 (5th Cir. 2016).

Nonetheless, as Shepherd should have surmised from the sentencing colloquy, the court's error was harmless because it did not affect the district court's selection of the sentence imposed.   *United States v. Rodriguez-Rodriguez,* 775 F.3d 706, 712 (5th Cir. 2015).  Well aware of the legal nuances

of Shepherd's argument, the district court stated her intent to "moot this objection" by imposing a 46-month prison sentence.  This sentence is at the bottom of the guidelines range of 46-57 months, which would have applied if the district court had granted Shepherd's objection and found that his state conviction was not a controlled substance offense.  The record demonstrates that the judge "thought the sentence it chose was appropriate irrespective of the Guidelines range." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016).  In these instances, "prejudice does not exist."  *Id.*  The government bears the burden to prove harmless error, *United States v. Woods,* 440 F.3d 255, 262 (5th Cir. 2006).  But we cannot envision what is plausibly "harmful" about a sentence that is not only one-third below the erroneous range, but also is at the bottom of the correct range, and is issued for the express purpose of obviating the possibility that the lower range will prevail.  This point of error may have legal substance but was meritless when viewed in context of the record.

Applying the sentencing guidelines is daily becoming more complex, in part because of defense counsels' accelerating creativity in challenging guidelines calculations.  To avoid the costs and administrative burdens of resentencing, we have repeatedly urged courts in appropriate cases to explain that they would have imposed the same sentence regardless of possible mistakes in guidelines calculations.  *See United States v. Ibarra-Luna*, 628 F.3d 712, 718 (5th Cir. 2010).  Although clarity of intent must be expressed, such statements do not require magic words. *See, e.g., United States v. Bonilla*, 524 F.3d 647, 656 (5th Cir. 2008); *United States v. Lemus-Gonzalez*, 563 F.3d 88, 94 (5th Cir. 2009); *United States v. Duhon*, 541 F.3d 391, 396 (5th Cir. 2008).  When, as here, it is abundantly clear that the court wanted to "moot" the defendant's objection—by ordering a sentence that effectively

grants counsel's objection—the appeal of the "sentencing error" makes no sense. The "error" in adopting the higher guideline range is harmless.

Shepherd next asserts that the district court plainly erred in classifying his prior Texas conviction for aggravated assault, Tex. Penal Code §22.02(a)(2), as a crime of violence under U.S.S.G. § 2K2.1(a)(2). Because Shepherd failed to object to the district court's enhancement in the lower court, this court reviews for plain error. *United States v. Price*, 516 F.3d 285, 286–87 (5th Cir. 2008). His complaint fails at the first stage of plain error review, which is to show that the court erred. *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012). Again, the conclusion of this analysis is obvious.

Shepherd was convicted for aggravated assault under Tex. Penal Code § 22.02(a)(2), which provides:

> (a) A person commits an offense if the person commits assault as
> defined in Section 22.01 and the person:
> (1) causes serious bodily injury to another, including the
> person's spouse; or
> (2) uses or exhibits a deadly weapon during the commission of
> the assault.

Tex. Penal Code § 22.02(a) (2003). The guidelines define a crime of violence as an offense that, *inter alia,* has as an element the use, attempted use, or threatened use of physical force against the person of another. U.S.S.G. § 4B1.2.

Under the provision in the Armed Career Criminal Act ("ACCA") that is worded identically to § 4B1.2, this court found no plain error in holding that a defendant's Texas conviction for aggravated assault has as an element the threatened use of physical force against the person of another. *United States v. Guzman*, 797 F.3d 346, 348 (5th Cir. 2015). Construing identically worded provisions alike, Shepherd's Texas conviction for aggravated assault is a crime

of violence under § 4B1.2. *See id*; *see also United States v. Guillen-Alvarez*, 489 F.3d 197, 201 (5th Cir. 2007).

We have previously rejected Shepherd's assertion that this guideline is unconstitutionally vague. *United States v. Gonzalez-Longoria*, 831 F.3d 670, 679–84 (5th Cir. 2016) (Jones, J., concurring). Further, the Supreme Court's recent decision in *Mathis v. United States,* 136 S. Ct. 2243 (2016), does not cast doubt on our evaluation of the aggravated assault statute under the guidelines. Because we have already held in *Guillen-Alvarez*, 489 F.3d at 200–01, that Tex. Penal Code § 22.02(a)(2) qualifies as a conviction for the enumerated offense of aggravated assault and is a crime of violence, it is "irrelevant whether the challenged statutory alternatives are considered means or elements." *United States v. Villasenor-Ortiz*, No. 16-10366, 2017 WL 113917, at *3 (5th Cir. Jan. 11, 2017).

For the foregoing reasons, the sentence issued by the district court is **AFFIRMED**.