# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41483
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ARMANDO RAMOS, also known as Jose Marquez-Ramos,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-380-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Armando Ramos appeals following his conviction for illegal reentry. He argues that his prior conviction for aggravated assault in violation of Texas Penal Code § 22.02 was improperly characterized as a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii). He also argues that the entry of judgment under 8 U.S.C. § 1326(b)(2) was erroneous because Texas aggravated assault is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(F), which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41483

defines aggravated felony by reference to 18 U.S.C. § 16. Ramos failed to object to these determinations in the district court; therefore, we review for plain error. *See United States v. Henao-Melo*, 591 F.3d 798, 801 (5th Cir. 2009); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

In *United States v. Guillen-Alvarez*, 489 F.3d 197, 199-01 (5th Cir. 2007), we held that a conviction for aggravated assault in violation of Texas Penal Code § 22.02 qualifies as the enumerated offense of aggravated assault, and, thus, a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii). *Guillen-Alvarez* remains valid after *Mathis v. United States*, 136 S. Ct. 2243 (2016). *United States v. Shepherd*, 848 F.3d 425, 427-28 (5th Cir. 2017). We are bound by our own precedent unless and until that precedent is altered by a decision of the Supreme Court or this court sitting en banc. *See United States v. Setser*, 607 F.3d 128, 131 (5th Cir. 2010).

We have also rejected a challenge to the constitutionality of § 16(b) based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See United States v. Gonzalez-Longoria*, 831 F.3d 670, 672-79 (5th Cir.) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259). The grant of certiorari in *Lynch v. Dimaya*, 137 S. Ct. 31 (2016), does not alter our holding in *Gonzalez-Longoria. See Setser*, 607 F.3d at 131. The judgment of the district court is AFFIRMED.