# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11098
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 23, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERIC FABIAN CRUZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-474-1

Before KING, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Eric Fabian Cruz pleaded guilty, pursuant to a factual résumé, to four counts of distributing a controlled substance and one count of possession of a firearm by a felon.  21 U.S.C. § 841(a)(1), (b)(1)(B) & (C); 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  On appeal, he first contends that this court should disregard the appeal waiver in his plea agreement.  Because Cruz withdrew his plea agreement prior to rearraignment, we need not address this request.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11098

Cruz appeals his sentencing as a career offender under U.S.S.G. § 4B1.1 (2015), arguing that the district court plainly erred in characterizing his two prior convictions for aggravated assault with a deadly weapon under Texas Penal Code § 22.02 as crimes of violence under U.S.S.G. § 4B1.2 (2015). In support of this argument, Cruz contends that, even though aggravated assault is enumerated as a crime of violence in Application Note One in the commentary of § 4B1.2, the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidated both the residual clause of § 4B1.2(a)(2) and the note. He further contends that his prior Texas offenses do not qualify as crimes of violence under § 4B1.2(a)(2) because aggravated assault is not one of the four offenses enumerated therein. Finally, Cruz argues that his prior offenses do not satisfy the force-as-an-element clause of § 4B1.2(a)(1) in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016).

After Cruz submitted his appellate brief, the Supreme Court held, in *Beckles v. United States*, 137 S. Ct. 886, 892 (2017), that § 4B1.2(a)(2)'s residual clause "is not void for vagueness" because "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." Accordingly, Cruz's arguments regarding § 4B1.2(a)(2)'s residual clause and Application Note One are unavailing. We have previously held that a Texas aggravated assault conviction constitutes the enumerated "aggravated assault" offense. *United States v. Guillen-Alvarez*, 489 F.3d 197, 199-201 (5th Cir. 2007); *United States v. Rayo-Valdez*, 302 F.3d 314, 318 (5th Cir. 2002). Furthermore, we have recently confirmed that Texas aggravated assault satisfies § 4B1.2(a)(1)'s force-as-an-element clause. *See United States v. Shepherd*, 848 F.3d 425, 427-28 (5th Cir. 2017). Accordingly, the district court did not plainly err. *See United States v. Fields*, 777 F.3d 799, 802 (5th Cir. 2015).

AFFIRMED.