# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10389
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 27, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEXIS RASHAAD FAVORS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-251-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Alexis Rashaad Favors pleaded guilty, without a plea agreement, to one count of possession of a firearm by a felon. He now challenges his sentence, contending that the district court plainly erred in characterizing his prior conviction for aggravated assault with a deadly weapon under Texas Penal Code § 22.02 as a crime of violence for purposes of U.S.S.G. § 2K2.1(a)(3) (2015) and U.S.S.G. § 4B1.2 (2015). Favors insists that,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10389

even though aggravated assault is enumerated as a crime of violence in Application Note One in the commentary of § 4B1.2, the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidated both the residual clause of § 4B1.2(a)(2) and the note. He further maintains that his prior Texas offense does not qualify as a crime of violence under § 4B1.2(a)(2) because aggravated assault is not one of the four offenses it enumerates. Finally, Favors claims that his prior offense does not satisfy the force-as-an-element clause of § 4B1.2(a)(1).

After Favors submitted his appellate brief, the Supreme Court held, in *Beckles v. United States*, 137 S. Ct. 886, 892 (2017), that § 4B1.2(a)(2)'s residual clause "is not void for vagueness" because "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." Favors's arguments regarding § 4B1.2(a)(2)'s residual clause and Application Note One are thus unavailing. We have previously held that a Texas aggravated assault conviction constitutes the enumerated "aggravated assault" offense. *United States v. Guillen-Alvarez*, 489 F.3d 197, 199-201 (5th Cir. 2007); *United States v. Rayo-Valdez*, 302 F.3d 314, 318 (5th Cir. 2002). Furthermore, we have recently confirmed that Texas's crime of aggravated assault satisfies § 4B1.2(a)(1)'s force-as-an-element clause. *See United States v. Shepherd*, 848 F.3d 425, 427-28 (5th Cir. 2017). The district court did not plainly err. *See United States v. Fields*, 777 F.3d 799, 802 (5th Cir. 2015).

AFFIRMED.

2