# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41497
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 8, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHNNIE OWEN, IV,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-308-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Johnnie Owen, IV, appeals the sentence imposed following his conviction of conspiring to possess with the intent to distribute 43.26 grams of a mixture or substance containing methamphetamine. He contends that the district court erred by sentencing him as a career offender under U.S.S.G. § 4B1.1 because he did not have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." Owen raised his arguments in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41497

the district court.  Accordingly, we will review his claims de novo.  *United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016).

The district court did not err by using Owen's 2010 conviction of aggravated assault in violation of Texas Penal Code § 22.02(a) as a predicate "crime of violence" to support the career offender enhancement.  A Texas aggravated assault conviction constitutes the enumerated offense of "aggravated assault" for purposes of U.S.S.G. § 4B1.2(a) and satisfies § 4B1.2(a)(1)'s force-as-an-element clause.  *United States v. Shepherd*, 848 F.3d 425, 427-28 (5th Cir. 2017); *United States v. Guillen-Alvarez*, 489 F.3d 197, 199-201 (5th Cir. 2007).  Also, § 4B1.2(a)(2)'s residual clause "is not void for vagueness."  *Beckles v. United States*, 137 S. Ct. 886, 892-97 (2017).

However, the district court did err by using Owen's 2014 conviction of possessing certain chemicals with the intent to manufacture a controlled substance in violation of Texas Health and Safety Code § 481.124 as a predicate "controlled substance offense" to support the career offender enhancement.  For purposes of § 4B1.1(a)(2014), a "controlled substance offense" was defined to include "[u]nlawfully possessing a listed chemical with intent to manufacture a controlled substance (21 U.S.C. § 841(c)(1))."  § 4B1.2, comment. (n.1)(2014).  A listed chemical was defined to include List I chemicals and List II chemicals as set forth in 21 U.S.C. § 802(34) and (35).  21 U.S.C. § 802(33) (2014).  The Texas statute under which Owen was convicted made it illegal to possess with the intent to manufacture a controlled substance (1) anhydrous ammonia; (2) an immediate precursor; or (3) a chemical precursor. TEX. HEALTH & SAFETY CODE § 481.124(a)(1)-(3)(2011).  The statute prohibited the possession of, among other things, anhydrous ammonia, lithium metal, diethyl malonate, malonic acid, ethyl malonate, and barbituric acid.  TEX. HEALTH & SAFETY CODE §§ 481.124(a)(1)-(3)(2011), 481.002(22)(2011),

481.002(51)(2011); 37 TEX. ADMIN. CODE §§ 13.116 (2011), 13.117 (2011).  None of those chemicals are listed in § 802(34) and (35), and their possession is not criminalized under § 841(c).  Because each subsection of the Texas statute criminalized a broader range of conduct than that which was referenced in § 4B1.2(b), Owen's violation of the Texas statute was not a "controlled substance offense" for purposes of § 4B1.1.[1] *See Hinkle*, 832 F.3d at 572.  Thus, the district court erred in sentencing Owen as a career offender in reliance on this conviction.

Owen does not appear to have any other prior convictions that may serve as a second predicate offense to support the career offender enhancement.[2] Without the enhancement, Owen's sentencing range would have been 70-87 months of imprisonment.  Although the district court sentenced Owen below his incorrectly calculated sentencing range, the 124-month term of imprisonment imposed exceeded the range that would have applied if Owen had not been deemed a career offender.  Nothing suggests that the district court would have imposed the same sentence absent the error.  Accordingly, the district court's error was not harmless.  *See United States v. Ibarra-Luna*, 628 F.3d 712, 714 (5th Cir. 2010).

The Government concedes error and has filed an unopposed motion to vacate Owen's sentence and remand for resentencing.  Accordingly, we GRANT

---

[1] Because each subsection of § 481.124 individually criminalized the possession of chemicals not included in § 4B1.2(b)'s definition of a "controlled substance offense," this court needs not determine whether the statute is divisible.

[2] To establish that a defendant has "two prior felony convictions" for purposes of the career offender enhancement, at least two of the sentences imposed must have been separately assigned criminal history points under U.S.S.G. § 4A1.1(a), (b), or (c).  § 4B1.2(c).  Owen was convicted in 2003 of aggravated assault.  However the sentence imposed in that case was too remote to be assigned criminal history points.  *See* U.S.S.G. § 4A1.2(e)(3).

the government's motion, VACATE Owen's sentence, and REMAND the case to the district court for resentencing.