# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10901
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONALD DUNBAR,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-433-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Ronald Dunbar appeals the 57-month sentence imposed following his guilty plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He argues that the district court reversibly erred in assessing a base offense level of 24 because his prior Texas convictions for aggravated assault do not qualify as crimes of violence under U.S.S.G. §§ 2K2.1(a)(2) and 4B1.2. Dunbar urges that the Texas aggravated assault

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

statute does not have the use, attempted use, or threatened use of force as an element of the offense and does not satisfy the generic definition of aggravated assault.

The Government has filed an unopposed motion for summary affirmance, correctly asserting that the issue raised on appeal is foreclosed. *See United States v. Guillen-Alvarez*, 489 F.3d 197, 200-01 (5th Cir. 2007) (holding that a Texas aggravated assault conviction under Texas Penal Code Ann. § 22.02 is a crime of violence under U.S.S.G. § 2L1.2); *see also United States v. Shepherd*, 848 F.3d 425, 427-28 (5th Cir. 2017) (reaffirming the continued validity of *Guillen-Alvarez* after *Mathis v. United States*, 136 S. Ct. 2243 (2016), and specifically holding that a Texas aggravated assault conviction is a crime of violence under §§ 2K2.1(a)(2) and 4B1.2).

Dunbar concedes that the sole issue raised on appeal is foreclosed by *Guillen-Alvarez*, but he seeks to preserve it for further review. Accordingly, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The Government's motion for summary affirmance is therefore **GRANTED**, and the judgment of the district court is **AFFIRMED**. The Government's alternative motion for an extension of time to file a brief is **DENIED**.