# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41483
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff – Appellee,

v.

JOSE ARMANDO RAMOS, also known as Jose Marquez-Ramos,

      Defendant – Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-380-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

      Our prior opinion in this case was vacated by the Supreme Court and remanded to our court for reconsideration in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). *Dimaya* held that 18 U.S.C. § 16(b) as incorporated into the Immigration and Nationality Act is unconstitutionally vague. 138 S. Ct.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41483

at 1209–10.  Section 16(b) houses the residual clause for defining the term "crime of violence," and is incorporated by reference into various statutory and Guidelines provisions.  *See* 18 U.S.C. § 16(b); *United States v. Godoy*, 890 F.3d 531, 537–38 (5th Cir. 2018).  Ramos was convicted of illegal reentry and had a prior conviction of aggravated assault under Texas Penal Code § 22.02.  He appealed, challenging the classification of his prior conviction as a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii) and arguing that the entry of judgment under 8 U.S.C. § 1326(b)(2) was erroneous because his prior conviction was not a crime of violence under 8 U.S.C. § 16.  Because Ramos failed to raise these objections in the district court, they are reviewed for plain error.  *United States v. Ramos*, 690 F. App'x 880, 880 (5th Cir. 2017) (holding that Ramos's contentions are subject to plain error review).

The parties agree that on remand, Ramos's first argument—that his Texas conviction for aggravated assault is not a crime of violence under U.S.S.G. § 2L1.2—remains foreclosed.  *See Godoy*, 890 F.3d at 537–40 (holding that § 16(b) as incorporated into the Guidelines is not subject to a void for vagueness challenge); *United States v. Guillen-Alvarez*, 489 F.3d 197, 199–201 (5th Cir. 2007) (holding that Texas aggravated assault is an enumerated crime of violence for purposes of U.S.S.G § 2L1.2).

Therefore, the only issue before us is whether post-*Dimaya* the district court plainly erred in entering judgment pursuant to § 1326(b)(2).  If a conviction qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(F), which defines an "aggravated felony" by reference to an offense qualifying as a crime of violence under § 16, judgment is properly entered under § 1326(b)(2).  8 U.S.C. § 1101(a)(43)(F); 8 U.S.C. § 1326(b)(2).  After *Dimaya,* a conviction that would be classified as a crime of violence under § 16(b) cannot support the entry of judgment under § 1326(b)(2).  *Godoy*, 890 F.3d at 541–42.  Thus, we need to determine whether Ramos's Texas aggravated assault conviction falls

No. 16-41483

within § 16(a), which is known as the elements clause.  A conviction qualifies as a crime of violence under § 16(a) if it has "as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 16(a).

We have previously held under both de novo and plain error review that a conviction for Texas aggravated assault with a deadly weapon satisfies the force-as-an-element clause.[1]  *United States v. Shepherd*, 848 F.3d 425, 427–28 (5th Cir. 2017) (holding that there was no plain error because a Texas aggravated assault conviction satisfies U.S.S.G. § 4B1.2(a)(1)'s use of force as an element clause and making that determination in light of our prior holding regarding the identically worded use of force clause in the Armed Career Criminal Act (citing *United States v. Guzman*, 797 F.3d 346, 348 (5th Cir. 2015)); *see also United States v. Owen*, 700 F. App'x 384, 384 (5th Cir. 2017) (holding under de novo review that a Texas aggravated assault conviction satisfies U.S.S.G. § 4B1.2(a)(1)'s force-as-an-element clause); *United States v. Favors*, 694 F. App'x 281, 282 (5th Cir. 2017) (holding that there was no plain error because Texas aggravated assault satisfies U.S.S.G. § 4B1.2(a)(1)'s force-as-an-element clause); *United States v. Cruz*, 691 F. App'x 204, 205 (5th Cir. 2017) (same).

The use of force clause in § 16(a) is almost identically worded to the use of force provisions in the ACCA and U.S.S.G § 4B1.2—provisions that we have previously held that a Texas aggravated assault conviction falls within. *Compare* 18 U.S.C. § 16(a), *with* 18 U.S.C. § 924(e)(2)(B)(i), *and* U.S.S.G. § 4B1.2(a)(1) (differing only in that an offense qualifies under § 16(a) when the

---

[1] The pre-sentence report reflects that Ramos was convicted in 2015 of aggravated assault with a deadly weapon, which is Texas Penal Code § 22.02(a)(2), the same statute of conviction that we have held has the use of force as element for purposes of U.S.S.G. § 4B1.2. *See Shepard*, 848 F.3d at 427–28.

No. 16-41483

force is used against "property" in addition to the "person of another"); *Shepherd*, 848 F.3d at 427–28 ("Construing identically worded provisions alike, Shepherd's Texas conviction for aggravated assault is a crime of violence under § 4B1.2."). *But see United States v. Charles*, 301 F.3d 309, 311–12 (5th Cir. 2002) (en banc) (holding that the crime of violence analyses differ under § 16 and U.S.S.G. § 4B1.2 based on the differences in the residual clauses while noting that "§ 16(a) and § 4B1.2(a)(1) are virtually identical"). Specifically, in *Guzman*, we held that the district court did not clearly or obviously err in imposing a sentence under the ACCA's use of force clause for a prior Texas aggravated assault conviction. 797 F.3d at 348 (discussing that there is no obvious error where there is competing caselaw holding that the underlying assault offense does not have the use of force as an element and holding that a conviction involving the aggravating factor of use of a deadly weapon does have the use of force as an element (comparing *United States v. Vargas-Duran*, 356 F.3d 598, 606 (5th Cir. 2004) (en banc) with *United States v. Velasco*, 465 F.3d 633, 641 (5th Cir. 2006))). The same competing caselaw cited in *Guzman*, along with our published holding in *Shepherd* and the uniformity of other cases determining that a Texas aggravated assault conviction has the use of force as an element under virtually identical provisions (or at least that there was no clear error in the classification), prevents us from saying that there is clear or obvious error here in entering judgment under § 1326(b)(2). *See Shepherd,* 848 F.3d at 427–28; *Guzman,* 797 F.3d at 348.

The judgment of the district court is affirmed.

4