## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40761

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CARLOS ALBERTO PEREZ-DE LEON,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-913-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Carlos Alberto Perez-de Leon pleaded guilty to illegal reentry and was sentenced to 66 months of imprisonment. Perez-de Leon appealed his judgment of conviction and argued for the first time on appeal that the district court plainly erred by characterizing his prior conviction for Texas aggravated assault with a deadly weapon as an aggravated felony under 8 U.S.C. §

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40761

1101(a)(43)(F) for the purpose of convicting and sentencing him under 8 U.S.C. § 1326(b)(2). He contended that in doing so, the district court must have relied on the "residual clause" of 18 U.S.C. § 16, incorporated by reference into § 1101(a)(43)(F), which he argued was unconstitutionally vague. While Perez-de Leon's appeal was pending, his argument was foreclosed by this court's *en banc* decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016). We granted the Government's motion for summary affirmance and affirmed Perez-de Leon's conviction.

Perez-de Leon petitioned for certiorari before the Supreme Court, which granted his petition, vacated his judgment, and remanded for consideration in light of its recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which held § 16(b)—the "residual clause"—to be unconstitutionally vague. This court then directed the parties to file letter briefs regarding what action we should take on remand and whether we should decide any pending issues. The parties timely filed their briefs, essentially agreeing that Perez-de Leon's conviction under § 1326(b) can no longer stand if based on § 16(b). The parties dispute, however, whether Perez-de Leon's judgment of conviction should be affirmed on the alternate ground that his prior conviction constitutes an aggravated felony under § 16(a).

I.

To be convicted of illegal reentry under § 1326(b)(2) of the Immigration and Nationality Act ("INA"), a defendant's removal must have been "subsequent to a conviction for commission of an aggravated felony." As relevant here, the INA defines "aggravated felony" in § 1101(a)(43)(F) as a "crime of violence," as defined in 18 U.S.C. § 16, for which the term of imprisonment is at least one year. Because § 16(b) no longer applies in this context, we must look to § 16(a), which defines "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical

## No. 15-40761

force against the person or property of another." The parties disagree as to whether Perez-de Leon's prior conviction under Texas Penal Code § 22.02(a) for aggravated assault constitutes a crime of violence under § 16(a).

### A.

The Government argues that *United States v. Shepherd*, 848 F.3d 425, 427–28 (5th Cir. 2017) forecloses Perez-de Leon's argument that Texas aggravated assault with a deadly weapon lacks the use or threatened use of physical force as an element. Perez-de Leon contends that *Shepherd*'s actual holding relates to the "residual clause" of United States Sentencing Guidelines ("Guidelines") § 4B1.2(a), and any suggestion that Texas aggravated assault has as an element the use of force is dicta.

Perez-de Leon has the better of this argument. The relevant two sentences in *Shepherd* are as follows:

> Under the provision in the Armed Career Criminal Act ("ACCA") that is worded identically to § 4B1.2, this court found no plain error in holding that a defendant's Texas conviction for aggravated assault has as an element the threatened use of physical force against the person of another. *United States v. Guzman*, 797 F.3d 346, 348 (5th Cir. 2015). Construing identically worded provisions alike, Shepherd's Texas conviction for aggravated assault is a crime of violence under § 4B1.2. *See id.*; *see also United States v. Guillen–Alvarez*, 489 F.3d 197, 201 (5th Cir. 2007).

*Shepherd*, 848 F.3d at 427–28 (emphasis added).[1] The first sentence specifically mentions Texas aggravated assault and the use of force, but only in the context of plain error review. The sentence is followed by a citation to

---

[1] *Shepherd* addresses the definition of a crime of violence under § 4B1.2. However, neither party disputes that the analysis under § 4B1.2 also applies to § 16(a). *See also United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011) (interpreting Guidelines provisions and statutes with similar language interchangeably). *Shepherd* itself cites to the ACCA in interpreting § 4B1.2. *Shepherd*, 848 F.3d at 427–28. In that vein, cases interpreting the ACCA are also useful in determining "use of force" under § 16(a).

*Guzman*, a case which discussed the "complicated question" of whether a conviction for Texas aggravated assault under § 22.02 qualified as a "violent felony" as defined by the ACCA, 18 U.S.C. §924(e)(2)(B). *Guzman*, 797 F.3d at 347–48. *Guzman* evaluated § 924(e)(2)(B)'s definition of "violent felony," which covers "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." *Guzman*, 77 F.3d at 347 (quoting § 924(e)(2)(B)) (italics removed). In doing so, *Guzman* noted there was competing caselaw in this circuit as to whether Texas aggravated assault "has as an element the 'threatened use of physical force against the person of another.'" *Id.* at 348 (quoting § 924(e)(2)(B)). The court compared *United States v. Vargas-Duran*, 356 F.3d 598, 606 (5th Cir. 2004) (en banc),[2] which found that the crime of violence enhancement was improperly applied to the conviction for intoxication assault and distinguished between the defendant's causation of an injury and the defendant's use of force, with *United States v. Velasco*, 465 F.3d 633, 638 (5th Cir. 2006), which upheld the crime of violence enhancement for aggravated battery on the ground that "the 'use' of a deadly weapon to cause bodily harm . . . involves the element of the use of destructive physical force against the victim's person." *Guzman*, 797 F.3d at 348 (quoting *Velasco*, 465 F.3d at 638). As the language in *Shepherd* suggests, *Guzman* did not actually hold that § 22.02(a) was a crime of violence; it merely stated that because of the contrasting caselaw in the circuit at the time, the district court did not clearly err in holding that it was. *Guzman*, 797 F.3d at 348.

---

[2] Since *Guzman* was decided, *Vargas-Duran* has been abrogated in part as it relates to the "use of force" needing to be intentional. *See United States v. Mendez-Henriquez*, 847 F.3d 214, 220–22 (5th Cir. 2017), *cert. denied*, 137 S. Ct. 2177 (2017); *United States v. Howell*, 838 F.3d 489, 500–01 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1108 (2017). Its analysis as it relates to whether force is necessary to inflict bodily injury, however, has not been clearly abrogated or overruled.

No. 15-40761

The second sentence in *Shepherd* talks about aggravated assault falling within the purview of § 4B1.2, but does not specify which subsection it is discussing. In support of this proposition, *Shepherd* cites to *Guzman* and *Guillen–Alvarez*. *Id.* As discussed above, *Guzman* simply held that it was not plain error to find Texas aggravated assault has as an element the use of force. *Guzman*, 797 F.3d at 348. While *Guillen-Alvarez* found that § 22.02 was an aggravated felony because it fell within the enumerated offense of aggravated assault under Guidelines § 2L1.2(b)(1)(A)(ii), the court specifically declined to address whether § 22.02 had as an element the use of force. *Guillen-Alvarez*, 489 F.3d at 200 n.2. Accordingly, neither the cases relied upon in *Shepherd* nor *Shepherd* itself affirmatively declares § 22.02(a)(2) has as an element the requisite use of force to qualify as a crime of violence; at most, *Shepherd* concludes it was not plain error to hold § 22.02(a) was a crime of violence.

While the Government has cited several unpublished cases affirming *Shepherd*'s "holding" that Texas aggravated assault has the use of force as an element,[3] they are not binding and are less persuasive after taking a more careful look at *Shepherd*'s language. *See United States v. Johnson*, 619 F.3d 469, 473 n.3 (5th Cir. 2010) ("Although unpublished cases from this court rendered after January 1, 1996, and decisions from other circuit courts are not

---

[3] *United States v. Owen*, 700 F. App'x 384, 384 (5th Cir. 2017) (unpublished) ("A Texas aggravated assault conviction constitutes the enumerated offense of 'aggravated assault' for purposes of U.S.S.G. § 4B1.2(a) and satisfies § 4B1.2(a)(1)'s force-as-an-element clause." (citing *Shepherd*, 848 F.3d at 427-28; *Guillen-Alvarez*, 489 F.3d at 199–201)); *United States v. Favors*, 694 F. App'x 281, 282 (5th Cir. 2017) (unpublished), *cert. denied*, 138 S. Ct. 668 (2018) ("Furthermore, we have recently confirmed that Texas's crime of aggravated assault satisfies § 4B1.2(a)(1)'s force-as-an-element clause." (citing *Shepherd*, 848 F.3d at 427–28)); *United States v. Cruz*, 691 F. App'x 204, 205 (5th Cir. 2017) (unpublished), *cert. denied*, 138 S. Ct. 411 (2017) ("[W]e have recently confirmed that Texas aggravated assault satisfies § 4B1.2(a)(1)'s force-as-an-element clause." (citing *Shepherd*, 848 F.3d at 427–28)).

controlling precedent, they may be considered persuasive authority."). In addition, *United States v. Ramos*, No. 16-41483, 2018 WL 3715591 (5th Cir. Aug. 3, 2018) (unpublished), one of the unpublished opinions cited by the Government, appears to acknowledge that *Shepherd* may not have been the final say on whether Texas aggravated assault has as an element the use of force. The *Ramos* court noted, "The same competing caselaw cited in *Guzman*, along with our published holding in *Shepherd* and the uniformity of other cases determining that a Texas aggravated assault conviction has the use of force as an element under virtually identical provisions (*or at least that there was no clear error in the classification*), prevents us from saying that there is clear or obvious error here in entering judgment under § 1326(b)(2)." *Ramos*, 2018 WL 3715591, at *2 (emphasis added).

"It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court." *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). However, "[w]here an opinion fails to address a question squarely, we will not treat it as binding precedent." *Thomas v. Texas Dep't of Criminal Justice*, 297 F.3d 361, 370 n.11 (5th Cir. 2002) (citation omitted). Because *Shepherd* did not hold that Texas aggravated assault has as an element the use of force, Perez-de Leon's argument is not foreclosed.

## B.

While Perez-de Leon's argument is not foreclosed, he did not raise this claim before the district court and our review is therefore limited to whether the district court plainly erred.[4] *See United States v. Suarez*, 879 F.3d 626, 630 (5th Cir. 2018) ("Claims not preserved are reviewed for plain error.").

---

[4] Both parties assume without argument that plain error review applies.

No. 15-40761

Plain error review involves four components:

> First, there must be an error or defect—some sort of [d]eviation from a legal rule—that has not been intentionally relinquished or abandoned, *i.e.,* affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings. Fourth and finally, if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error—discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.

*Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal citations and quotation marks omitted). Even if Perez-de Leon could show the district court erred in finding Texas aggravated assault to be an aggravated felony, it would not help him; given the competing caselaw discussed above, we cannot say the district court clearly or obviously erred. *United States v. Rodriguez-Parra*, 581 F.3d 227, 230 (5th Cir. 2009) ("There is no plain error if the legal landscape at the time showed the issue was disputed, even if . . . the district court turns out to have been wrong."); *Shepherd*, 848 F.3d at 427–28.

## II.

For the foregoing reasons, Perez-de Leon's judgment of conviction is AFFIRMED.