# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41017
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 2, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS MORALES-SANCHEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-912-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

Jesus Morales-Sanchez pleaded guilty to illegal reentry after removal in violation of 8 U.S.C. § 1326(a) and (b)(2) and was sentenced to 41 months of imprisonment. Morales-Sanchez appealed and asserted that the district court plainly erred by convicting, sentencing, and entering judgment against him under § 1326(b)(2) based on its determination that his prior conviction for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41017
Summary Calendar

Texas aggravated assault qualified as a conviction for a crime of violence under 18 U.S.C. § 16(b). We granted the Government's motion for summary affirmance and affirmed Morales-Sanchez's conviction. The Supreme Court vacated our judgment and remanded for consideration in the light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

On remand, the parties agree that *Dimaya* precludes using § 16(b)'s crime of violence definition as the basis for designating Morales-Sanchez's Texas aggravated assault conviction as an aggravated felony that would justify his § 1326(b)(2) conviction. The parties dispute whether a Texas aggravated assault conviction is an aggravated felony as a crime of violence defined by § 16(a) in accordance with *United States v. Shepherd*, 848 F.3d 425, 427-28 (5th Cir. 2017). The law on this issue is not settled. Therefore, even if Morales-Sanchez is correct in arguing that Texas aggravated assault is not an aggravated felony, he cannot show that the district court clearly or obviously erred in its judgment. *Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Rodriguez-Parra*, 581 F.3d 227, 230 (5th Cir. 2009).

Morales-Sanchez's judgment of conviction is AFFIRMED.