# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40889
Conference Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 5, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

MAXIMO ANASTACIO-MORALES,

> Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-1428-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, JONES and SOUTHWICK, Circuit Judges.

PER CURIAM:*

    Maximo Anastacio-Morales pled guilty to reentering the United States in violation of 8 U.S.C. § 1326. He was sentenced to 48 months imprisonment under 8 U.S.C. § 1326(b)(2) based on a determination that he had been deported following an aggravated felony conviction. The United States

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40889

Supreme Court granted a writ of certiorari, vacated our judgment and remanded for us to consider a recent opinion from that Court regarding aggravated felonies.   After consideration of the new caselaw, we again AFFIRM.

## FACTUAL AND PROCEDURAL HISTORY

Anastacio-Morales argued for the first time in his initial appeal that the district court committed reversible error in characterizing his prior Texas aggravated assault conviction as an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(F).   That Section provides that an "aggravated felony" includes "a crime of violence" as defined in 18 U.S.C. § 16, which includes both an "elements clause" and a "residual clause."   Anastacio-Morales argued that his conviction necessarily relied upon  the residual clause in Section 16(b), which he argued was unconstitutionally vague under the reasoning of *Johnson v. United States*, 135 S. Ct. 2551 (2015).   At the time, Anastacio-Morales's argument was foreclosed  by *United States v. Gonzales-Longoria*, 831 F.3d 670 (5th Cir. 2016), *vacated*, 138 S. Ct. 2668 (2018) (mem.).   We granted Anastacio-Morales's motion for summary affirmance so that he might seek further review.   *United States v. Anastacio-Morales*, 677 F. App'x 167, 168 (5th Cir. 2017).   The Supreme Court agreed with his argument, granted his writ of certiorari, vacated our judgment, and remanded.  *Aguirre-Arellano v. United States*, 138 S. Ct. 1978 (2018) (grant of writs of certiorari for several petitioners, including Anastascio-Morales).

The Court ordered us on remand to consider the applicability of its ruling in another case that Section 16(b) was unconstitutionally vague as incorporated into the definition of an "aggravated felony" in the Immigration and Nationality Act.  *Sessions v. Dimaya*, 138 S. Ct. 1204, 1210-23 (2018).  This

No. 16-40889

court then directed the parties to file letter briefs regarding what action we should take on remand, and the parties did so.

## DISCUSSION

Anastacio-Morales did not object to his sentence, so we review for plain error. *See United States v. Fuentes*, 906 F.3d 322, 325 (5th Cir. 2018). To show plain error, Anastacio-Morales must show "an error that is clear or obvious — 'rather than subject to reasonable dispute' — and affects his substantial rights." *Id.* (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). If that showing is made, the "court has the discretion to correct the error only if it 'seriously affect[s] the fairness, integrity[,] or public reputation of judicial proceedings.'" *Id.* (alterations in original) (quoting *Puckett*, 556 U.S. at 135).

A defendant convicted of illegal reentry who does not have relevant prior convictions faces a maximum sentence of two years imprisonment. *See* 8 U.S.C. § 1326(a). If the defendant had previously been removed after any felony conviction other than an aggravated felony, the statutory maximum is ten years. 8 U.S.C. § 1326(b)(1). If removal was after conviction of an aggravated felony, the statutory maximum increases to twenty years. 8 U.S.C. § 1326(b)(2). "Aggravated felony" under the immigration statutes includes "a crime of violence . . . for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). "Crime of violence" is defined in the partially invalidated 18 U.S.C. § 16. That statute contains two clauses. One is the "elements clause" of Section 16(a), which defines a crime of violence as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." The other is the now-invalid "residual clause" of Section 16(b), which includes "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

3

No. 16-40889

The resolution of this case turns on whether Anastacio-Morales's Texas aggravated assault conviction constitutes a crime of violence under the "elements" clause of Section 16(a) or whether the district court necessarily relied on the now-invalid residual clause in Section 16(b). If his Section 1326(b)(2) conviction rests solely on Section 16(b), we must reform the conviction to reflect that he was sentenced under Section 1326(b)(1) rather than Section 1326(b)(2). *See United States v. Godoy*, 890 F.3d 531, 542 (5th Cir. 2018). If Texas aggravated assault instead qualifies as a crime of violence under Section 16(a), then judgment under Section 1326(b)(2) was proper. *See United States v. Garrido*, 736 F. App'x 77, 78-79 (5th Cir. 2018).

Anastacio-Morales argues that his underlying offense did not qualify as a crime of violence under Section 16(a). His argument is this. An "aggravated assault" exists when the accused commits simple assault, as defined in TEX. PENAL CODE § 22.01, and the accused caused serious bodily injury or exhibited a deadly weapon, TEX. PENAL CODE § 22.02(a)(1)-(2). We previously held that the relevant Texas assault provision did not qualify as a crime of violence under Section 16(a) because it can be committed by "any of a number of acts, without use of 'destructive or violent force.'" *United States v. Villegas-Hernandez*, 468 F.3d 874, 879-83 (5th Cir. 2006). Since the Supreme Court's remand in this case, though, we have held that there is no valid distinction between direct and indirect force for the purposes of identifying a predicate conviction as a crime of violence, overruling among other precedents the *Villegas-Hernandez* opinion relied upon here. *See United States v. Reyes-Contreras*, 910 F.3d 169, 181-82 (5th Cir. 2018).

The government argues that Anastacio-Morales's sentence should be affirmed because the Texas aggravated assault conviction constitutes an aggravated felony under Section 16(a). It bases its argument on the fact that we have held that Texas aggravated assault with a deadly weapon constitutes

a crime of violence under the identically-worded definition in Section 4B1.2 of the Sentencing Guidelines; that is because the offense "has as an element the threatened use of physical force against the person of another." *United States v. Shepherd*, 848 F.3d 425, 427-28 (5th Cir. 2017). We often interpret various crime of violence provisions interchangeably. *See United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011). As additional support, the government cites a number of nonprecedential opinions in which we have relied on *Shepherd* to reject defendants' arguments that Texas aggravated assault does not constitute a crime of violence. *See United States v. Owen*, 700 F. App'x 384, 384 (5th Cir. 2017); *United States v. Favors*, 694 F. App'x 281, 282 (5th Cir. 2017); *United States v. Cruz*, 691 F. App'x 204, 205 (5th Cir. 2017).

The district court did not plainly err in classifying Anastacio-Morales's offense as a crime of violence in light of *Shepherd* and this circuit's reliance on identically-worded crime of violence definitions in other contexts. *Cf. United States v. Perez-de Leon*, 755 F. App'x 374, 375-78 (5th Cir. 2018) (identifying and analyzing conflicting case law).

AFFIRMED.