# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 19, 2025

Lyle W. Cayce
Clerk

No. 25-10209
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SHERROD GOODSPEED,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CR-172-1

Before WIENER, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Sherrod Goodspeed pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and was sentenced within the guidelines range to 137 months of imprisonment. He asserts that the district court erroneously assessed an enhanced base offense level under U.S.S.G. § 2K2.1(a)(2) because neither of his prior

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

offenses, Texas robbery and aggravated assault, qualify as enumerated crimes of violence for purposes of the enhancement.

We have held that the Texas offense of aggravated assault qualifies as the enumerated offense of aggravated assault within the meaning of the Guidelines. *See United States v. Guillen-Alvarez*, 489 F.3d 197, 199–201 (5th Cir. 2007); *see also United States v. Shepherd*, 848 F.3d 425, 427–28 (5th Cir. 2017). Consequently, as Goodspeed acknowledges, his challenge to the use of that offense as a crime of violence for purposes of an enhanced offense level is foreclosed.

We have also recently held that Texas robbery still constitutes a crime of violence under the Guidelines because its elements are the same or narrower than those of the generic definition of robbery added to U.S.S.G. § 4B1.2. *See United States v. Wickware*, 143 F.4th 670, 673–75 (5th Cir. 2025). Although *Wickware* left open the question whether the new definition of robbery includes a mens rea, *see id.* at 674 n.2, Goodspeed did not preserve this argument by raising it in the district court, and we therefore review it for plain error only. *See United States v. Gomez-Valle*, 828 F.3d 324, 327–28 (5th Cir. 2016). Because Goodspeed fails to show that the claimed error is clear or obvious, his mens rea argument is unavailing. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Fields*, 777 F.3d 799, 805 (5th Cir. 2015); *United States v. Rodriguez-Parra*, 581 F.3d 227, 231 (5th Cir. 2009).

For the first time on appeal, Goodspeed also challenges his conviction, urging that § 922(g)(1) violates the Second Amendment on its face in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and that the statute exceeds Congress's power under the Commerce Clause. As he concedes, both arguments are foreclosed by this court's precedent. *United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024), *cert. denied*, No. 24-

No. 25-10209

6625, 2025 WL 1727419 (June 23, 2025); *United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013).

AFFIRMED.