# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10346
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 22, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JACE ROYE MARTIN,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:16-CR-44-1

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jace Roye Martin appeals his guilty-plea conviction and sentence for being a convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He challenges his conviction on three bases; his sentence, on two.

Martin asserts the statute of conviction, 18 U.S.C. § 922(g), is unconstitutional under the Commerce Clause in view of *National Federation*

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-10346

*of Independent Business v. Sebelius*, 567 U.S. 519, 530–35 (2012).  He correctly concedes this issue is foreclosed by our precedent, *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013) (holding *National Federation* did not address the constitutionality of 18 U.S.C. § 922(g)(1) or overrule our precedent holding statutes such as 18 U.S.C. § 922(g)(1) constitutional), and presents the issue only to preserve it for further review.  The same applies to his claim the indictment failed to allege he knew the firearm had traveled in interstate commerce.  *United States v. Rose*, 587 F.3d 695 (5th Cir. 2009).

For the first of his two challenges to his sentence, Martin contends his within Sentencing Guidelines sentence of 87 months' imprisonment is substantively unreasonable because the court did not consider his combat duty in Iraq, his potential Post-Traumatic Stress Disorder (PTSD), and police officers' harassment of him and his family.  Martin did not, however, object in district court to the claimed unreasonableness of his sentence.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 48–51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id*. at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Because Martin did not raise this issue in district court, review is only for plain error.  *E.g., United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  (Martin asserts the standard of review should not be plain error,

presenting this point to preserve it for further review.)  Under the plain-error standard, Martin must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.*  There was no clear or obvious error.

The court considered the presentence investigation report, which included information concerning Martin's military service and potential PTSD, and Martin's objections to it, and also considered:  Martin's request that the court consider his military service in Iraq, his potential PTSD, and harassment of his family by police officers; the testimony and contentions presented by both parties at the sentencing hearing; and the Guidelines.

The court was not required to provide specific reasons for its rejecting Martin's bases for a lower sentence.  *United States v. Sanchez*, 667 F.3d 555, 567–68 (5th Cir. 2012).  It properly calculated Martin's advisory Guidelines sentencing range and imposed a sentence of 87 months' imprisonment at the top of the range.  And, the within-Guidelines sentence is presumed reasonable.  *Cisneros-Gutierrez*, 517 F.3d at 766.  Martin's assertion the sentence is unreasonable reflects his disagreement with the court's weighing of the 18 U.S.C. § 3553(a) sentencing factors and does not suffice to rebut that presumption of reasonableness.  *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010) (citing *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008)).

For his other challenge to his sentence, Martin claims his prior Texas aggravated-assault conviction does not qualify as a crime of violence for purposes of Guideline § 2K2.1(a)(3).  As Martin concedes, his claim is foreclosed by our precedent; he raises the issue only to preserve it for further

review. *United States v. Guillen-Alvarez*, 489 F.3d 197, 200–01 (5th Cir. 2007) (holding Texas aggravated-assault conviction under Texas Penal Code Ann. § 22.02 is crime of violence under Guideline § 2L1.2); *see also United States v. Shepherd*, 848 F.3d 425, 427–28 (5th Cir. 2017) (holding Texas aggravated-assault conviction is crime of violence under Guidelines §§ 2K2.1(a)(2) and 4B1.2).

AFFIRMED.