# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10733
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JODY LANARDO WHITE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-263-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Jody Lanardo White appeals the sentence imposed following his guilty plea conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court imposed an upward variance to 120 months of imprisonment from the advisory guidelines range of 70 to 87 months.

For the first time, White argues that the district court erred by relying on a bare arrest record of his charge of a 1983 theft of less than five dollars at

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nine years of age.  Because White failed to challenge the district court's reliance on this prior arrest, our review is for plain error only.  *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).  Thus, he must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.*  The burden is on White to "demonstrate[] a reasonable probability that he would have received a lesser sentence but for the court's consideration of the 'bare' arrest record."  *United States v. Williams*, 620 F.3d 483, 496 (5th Cir. 2010).

"[F]or a non-Guidelines sentence, just as for a Guidelines sentence, it is error for a district court to consider a defendant's 'bare arrest record' at sentencing."  *United States v. Johnson,* 648 F.3d 273, 278 (5th Cir. 2011).  The term "bare arrest record," describes the reference "to the mere fact of an arrest—*i.e.* the date, charge, jurisdiction and disposition—without corresponding information about the underlying facts or circumstances regarding the defendant's conduct that led to the arrest."  *United States v. Windless*, 719 F.3d 415, 420 (5th Cir. 2013) (internal quotation marks, brackets, and citation omitted).  The record at issue here, White's 1983 arrest for theft under $5, constitutes a bare arrest record that the district court arguably considered during sentencing.  *See United States v. Jones*, 444 F.3d 430, 436 (5th Cir. 2006).

Even if the district court committed clear or obvious error by considering White's 1983 arrest, we must determine, in the context of plain-error review, "whether the consideration of prior arrests in conjunction with other, permissible, factors affected [White's] substantial rights."  *Jones*, 444 F.3d at 436.  In addition to the 1983 arrest, the court considered a number of other factors, including: White's "over 30-year history of criminal activity" which

No. 18-10733

included 12 adjudicated convictions, his most recent conviction for failure to identify as a fugitive and providing officers with a false name, and the fact that the instant offense occurred while White was on parole for aggravated assault against a public servant and burglary of a habitation.  Due to White's continued participation in criminal activity, the district court sought to impose the maximum possible sentence to "protect society as long as it can be protected in this case."  Accordingly, the record reveals that the court gave significant weight to several valid 18 U.S.C. § 3553(a) factors, and the record does not show it gave weight to White's 1983 arrest.  Accordingly, White has failed to demonstrate that, but for the court's consideration of the bare arrest, he would have received a lesser sentence.  *See Williams*, 620 F.3d at 495-96 (holding that district court's "lengthy and weighted discussion of other significant" factors rebutted defendant's argument that his substantial rights were affected); *see also Jones,* 444 F.3d at 438.

Additionally, White contends that his prior Texas aggravated-assault conviction does not qualify as a crime of violence.  White correctly acknowledges that this argument is foreclosed by circuit precedent and raises the issue only to preserve it for further review.  *United States v. Guillen-Alvarez*, 489 F.3d 197, 198-201 (5th Cir. 2007) (holding Texas aggravated-assault conviction under Texas Penal Code Ann. § 22.02 qualifies as the enumerated offense of aggravated assault and is therefore a crime of violence); *see also United States v. Shepherd*, 848 F.3d 425, 427-28 (5th Cir. 2017).

The judgment of the district court is AFFIRMED.