# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 2, 2019

Lyle W. Cayce
Clerk

No. 18-11356
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLIFFORD GENE WALLACE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-572-1

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Clifford Gene Wallace appeals the sentence imposed following his guilty plea to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) and possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841. He argues that the district court erred in assigning him a higher base offense level under U.S.S.G. § 2K2.1(a) and U.S.S.G. § 4B1.2 based in part on its finding that his prior Texas conviction of aggravated assault of a public

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

servant with a deadly weapon is a crime of violence.  He asserts that the Texas aggravated assault statute does not have the use, attempted use, or threatened use of force as an element of the offense.

The Government has filed an unopposed motion for summary affirmance, correctly asserting that the issue raised on appeal is foreclosed. *See United States v. Guillen-Alvarez*, 489 F.3d 197, 200-01 (5th Cir. 2007) (holding that a Texas aggravated assault conviction under Texas Penal Code § 22.02 is a crime of violence under U.S.S.G. § 2L1.2); *see also United States v. Shepherd*, 848 F.3d 425, 427-28 (5th Cir. 2017) (reaffirming *Guillen-Alvarez* after *Mathis v. United States*, 136 S. Ct. 2243 (2016), and holding that Texas aggravated assault is a crime of violence under § 2K2.1(a)(2) and § 4B1.2). Wallace concedes that this issue is foreclosed, but he seeks to preserve it for further review.  Therefore, summary affirmance is appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

In addition, Wallace contends that the district court erred in assigning him a higher base offense level under § 2K2.1(a) and § 4B1.2 based in part on its finding that his prior Texas conviction of aggravated robbery with a deadly weapon is a crime of violence.  He asserts that the Texas robbery offense is broader than the generic definition of robbery and does not have the use of force as an element of the offense.

In its motion for summary affirmance, the Government correctly asserts that this argument is foreclosed by *United States v. Lerma*, 877 F.3d 628, 630, 634-36 (5th Cir. 2017) (28 U.S.C. § 2255 case), *cert. denied*, 138 S. Ct. 2585 (2018), and *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 380-81 (5th Cir. 2006), *overruled on other grounds by United States v. Rodriguez*, 711 F.3d 541, 547-63 (5th Cir. 2013) (en banc), *abrogated on other grounds by Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1568 (2017).  Wallace concedes

No. 18-11356

that this argument is foreclosed and states that he is raising it to preserve it for further review. Therefore, summary judgment is appropriate. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.